```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                               CASE NO: 2:92-cr-118-FtM-UA

DAVID LEE HALL
JOSEPH HALL
_____
```

### ORDER DENYING MOTIONS FOR PRISON-TERM REDUCTION UNDER 18 U.S.C. § 3582(C)(2) BASED ON USSG AMEND. 782

On November 14, 2014, the Federal Public Defender's Office was appointed to represent both defendants to determine whether a motion for reduction of sentence pursuant to Amendment 782 should be filed.  (Docs. ## 364, 365.)  Prior to the appointment, defendants David Lee Hall and Joseph Hall each filed a *pro se* Motion for Modification of Sentence Pursuant to Title 18 USC § 3582(c)(2), in Light of Amendment 782 of the U.S.S.G. Made Retroactive Per § 1B1.10 (Docs. ## 356, 358) and Letter Requesting the Honorable Court to Make a Recommendation in Conjunction With It's Order, Supporting Defendant Half-Way House Benefits (Docs. ## 357, 359).  The Federal Public Defender did not file an additional motion on behalf of defendants, or otherwise supplement defendants' motions.

On October 28, 2015, the Court directed the government to respond to defendants' motions.  (Doc. #370.)  On October 30,

2015, the government filed a Response (Doc. #371) as to all defendants. On November 10, 2015, upon motion to withdraw, the Court issued Orders (Docs. ## 380, 381) relieving the Federal Public Defender's Office of further responsibility in the case without prejudice to defendants filing *pro se* replies on their own behalf. On December 8, 2015, defendants filed a consolidated Reply (Doc. #383), and also filed an Amended Reply (Doc. #384).

### A. Original Sentencing

On April 28, 1993, defendants were sentenced to a term of life imprisonment after a jury trial and convictions for conspiracy to possess with intent to distribute 50 grams or more of cocaine base, and for possession with intent to distribute 50 grams or more of cocaine base. At the time of sentencing, defendant David Lee Hall had a guideline range of life imprisonment based on his Offense Level of 43 and Criminal History Category I. Defendant Joseph Hall had a guideline range of 360 months to life imprisonment based on his Offense Level of 42 and Criminal History Category IV.

*1. David Lee Hall*

According to the Presentence Report, the offense involved "well over 15 kilograms" of cocaine base, giving defendant a Base Offense Level of 42. (Presentence Report, ¶ 29.) Defendant was

2

found to be the manager or leader, increasing his offense level by 4 levels.  Defendant's Adjusted Offense Level was 46, but he was treated as a Total Offense Level of 43 pursuant to U.S. Sentencing Guidelines Manual § 5A1.1 cmt. n.2 (1992).  Defendant otherwise had zero criminal history points putting him in a Criminal History Category I, but his guideline range was life imprisonment.  The sentencing judge stated that it was his "determination that Mr. David Hall is responsible for well in excess of 50 kilograms of cocaine and crack during the course of this conspiracy."  (Doc. #145, p. 4.)  The judge further stated that a "conservative estimate", based on the testimony of defendants in a related cases, would be approximately 500 kilograms, and found that he was responsible for "no less than 50 kilograms".  (Id., p. 5.)

    2.  *Joseph Hall*

Defendant Joseph Hall was part of the same offense involving "well over 15 kilograms" of cocaine base, and therefore the Presentence Report assigned a Base Offense Level of 42. (Presentence Report, ¶ 29.)  Unlike David Lee Hall, Joseph Hall did not have any additional specific offense characteristics increasing his Total Offense Level, but he did have a lengthy criminal history giving him 9 criminal history points and placing him in a Criminal History Category of IV with a guideline range of

3

360 months to life imprisonment.  (Id., ¶ 49.)  The sentencing judge heard argument and ultimately found that Joseph Hall was involved in more than 50 kilograms of crack cocaine.  (Doc. #173, p. 14.)

**B. Amendment 505 and Amendment 706 to Sentencing Guidelines**

On April 29, 1996, defendant David Lee Hall was granted a reduction in his sentence pursuant to Amendment 505 to the United States Sentencing Guidelines, which lowered the base offense level for drug crimes involving more than 1.5 kilograms of cocaine base to a Base Offense Level of 38.  With the increase for defendant's role in the offense, the Total Offense Level was reduced to 42, and defendant's applicable guideline range was reduced to 360 months of imprisonment, the low end of the new guideline range. (Doc. #195.)  On July 11, 1996, an Amended Judgment (Doc. #200) was issued reducing defendant's sentence to concurrent terms of 360 months of imprisonment.

On July 25, 1996, the sentencing judge found that defendant Joseph Hall's Total Offense Level was reduced to a 38, and with a Criminal History Category IV, the applicable guideline range was reduced to 324 months to 405 months of imprisonment.  The sentencing judge found "[a]lthough a new guideline range is applicable to defendant's sentence, the new range and the old range

4

overlap.  The Court does not alter the original sentence, which remains at 360 months." (Doc. #203.)

On February 27, 2009, defendants were denied a further reduction in sentence pursuant to Amendment 706 to the United States Sentencing Guidelines because it only applied to reduce the base offense level for those drug crimes involving at least 1.5 kilograms but less than 4.5 kilograms of cocaine base.  U.S. Sentencing Guidelines Manual § 2D1.1, amend. 706 (1994).  In this case, the Court found that defendants had been found responsible for more than 4.5 kilograms of cocaine base at the time of sentencing, and therefore the Amendment did not apply to reduce defendant's sentence.  (Doc. #330.)  This was affirmed on appeal. (Doc. #342.)

### C. Current Amendment 782 Motion

Pursuant to the Omnibus Order In Re: Amendment 782, United States Sentencing Guidelines, 6:14-mc-78-ORL-22, the United States Probation Office issued Memoranda indicating that defendants are eligible for a reduction in their sentences based on a new Total Offense Level of 40 (down from 42) and Guideline Range of 292 months to 365 months for David Lee Hall, and a new Total Offense Level of 36 (down from 38) and Guideline Range of 262 to 327 months for Joseph Hall.  Assuming a reduction to the low end of the new

guideline range, defendants would both be eligible for immediate release.

The government objects to the application of Amendment 782 to reduce defendant's sentence because the sentencing judge found that the case involved in excess of 500 kilograms of cocaine, and at the very least more than 25.2 kilograms of cocaine base, and defendants have failed to show otherwise.  Defendants argue that the sentencing judge adopted the factual findings of the Presentence Report of well over 15 kilograms of cocaine base, but did not append a copy of the factual determinations made at sentencing to reflect 50 kilograms of cocaine base, in contravention of Fed. R. Crim. P. 32(i)(3)(C)(1996).

Under Title 18, United Stated Code, Section 3582, the Court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  "In determining the amended guidelines range, the district court may not reconsider other guideline application decisions and must leave all of its previous factual

decisions intact." United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (citations omitted). If the original drug quantity determination was non-specific, e.g., "well over 15 kilograms", the Court must examine the entire record available at the time of the original sentencing to determine the amount of drugs attributable to defendant in order to reduce a sentence, as long as the new findings are consistent with the original findings. Id. at 340. See, e.g., United States v. Guyton, 596 F. App'x 873, 876 (11th Cir. 2015).

Under Amendment 782, at least 8.4 kilograms but less than 25.2 kilograms of cocaine base is assigned a Base Offense Level of 36. U.S. Sentencing Guidelines Manual § 2D1.1, amend. 781 (2014). A drug quantity of 25.2 kilograms or more of cocaine base remains at a Base Offense Level of 38. The Court finds that the record reflects an amount well in excess of 25.2 kilograms of cocaine base attributable to defendants based on the findings by the sentencing judge at the time of the original sentencing. The mere failure to attach the determinations to the Presentence Report "is a 'ministerial matter' which may be remedied without resentencing by attaching a copy of the sentencing hearing transcript to the presentence report." United States v. Spears, 443 F.3d 1358, 1362 (11th Cir. 2006).

### 1. David Lee Hall

If David Lee Hall's last applied Base Offense Level of 42 was reduced to a Base Offense of 38, the 4-level adjustment for role in the offense would still place him at an Adjusted Offense Level of 42, and the guideline range would still be 360 months to life imprisonment. After application of Amendment 505 in 1996, David Lee Hall's sentence was already reduced to 360 months, the low end of the guideline range, resulting in no change after application of Amendment 782. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."). Therefore, the motion for a reduction will be denied.

### 2. Joseph Hall

Joseph Hall's last applied Base Offense Level was a 38 under Amendment 505, with a guideline range of 324 months to 405 months of imprisonment. Under Amendment 782, the current Base Offense Level would remain at a 38 based on the drug quantity involved. In 1996, after considering application of Amendment 505, and reducing Joseph Hall's Base Offense Level to a 38, the sentencing judge declined to reduce Joseph Hall's sentence from 360 months of

imprisonment, a mid-range sentence within the newly applicable guideline range. (Doc. #195.) As Joseph Hall would remain at a Base Offense Level of 38, and the same range applies, he is not entitled to a reduction in his sentence.

Having reviewed the facts in the original presentence investigation report, and the sentencing transcript, the Court finds that defendants are *not* eligible for a reduction in sentence based on the quantity of cocaine base attributable to defendants.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Court finds that defendants David Lee Hall and Joseph are not eligible for the application of Amendment 782 of the U.S. Sentencing Guidelines.

2. Defendants' Motion for Modification of Sentence Pursuant to Title 18 USC § 3582(c)(2), in Light of Amendment 782 of the U.S.S.G. Made Retroactive Per § 1B1.10 (Docs. ## 356, 358) are **DENIED.**

3. The Letters Requesting the Honorable Court to Make a Recommendation in Conjunction With It's Order, Supporting Defendant Half-Way House Benefits (Docs. ## 357, 359) are **DENIED** as moot.

4. The Clerk shall electronically docket the April 28, 1993 sentencing transcript to make it easily accessible on CM/ECF and PACER.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of January, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:

AUSA
Counsel of record
U.S. Probation
U.S. Marshal
DCCD

Southeast Regional Office
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331

10